# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION
## CASE NO.:

**KATHY MANNING,**
**an Individual,**

      **Plaintiff,**

**v.**

**PEDCOR HOMES CORPORATION,**
**a Foreign Profit Corporation,**

      **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL
## WITH INJUNCTIVE AND DECLARATIVE RELIEF REQUESTED

Plaintiff, KATHY MANNING, ("Plaintiff"), by and through her undersigned counsel, hereby files this Complaint against Defendant PEDCORE HOMES CORPORATION ("Defendant"), and states as follows:

## INTRODUCTION

1.    Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA"), seeking recovery from Defendant for back pay, an equal amount as liquidated damages, other monetary damages, reinstatement, compensatory damages, injunctive relief, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

## PARTIES, JURISDICTION, AND VENUE

2.     Plaintiff is an adult individual.

3.     Defendant is a foreign profit corporation that is located and does business in Lee County, Florida, and is therefore within the jurisdiction of this Court.

4.     This Court has jurisdiction over Plaintiff's FMLA claims pursuant to 28 U.S.C. § 1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq*.

5.     At all times relevant hereto, Plaintiff was an employee of Defendant.

6.     Plaintiff worked for Defendant in Lee County, Florida, and therefore the proper venue for this case is the Fort Myers Division of the Middle District of Florida.

7.     At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

8.     At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that: (a) Plaintiff suffered from a serious health condition as defined by the FMLA, necessitating Plaintiff to take FMLA leave to treat same; and (b) she was employed by Defendant for at least 12 months and

worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## FACTUAL ALLEGATIONS

9.    Plaintiff worked as a Property Manager for Defendant from February 1, 2022, until her termination on January 11, 2024.

10.    During her tenure, Plaintiff was an excellent employee, who had no significant history of non-FMLA related attendance, performance, or disciplinary issues.

11.    Unfortunately, in November 2022, Plaintiff, in the course of her duties as Property Manager, injured herself while clearing trash and addressing Hurricane-incurred damage.

12.    As a result, Plaintiff opened a worker's compensation claim and her medical provider recommended that she work under "light duty" and undergo surgery, which she did on February 22, 2023.

13.    After the surgery, Plaintiff informed her supervisors that she was placed back on "light duty," but Defendant's managers refused to allow Plaintiff to come back with any restrictions.

14.    Unfortunately, Plaintiff's surgery did not hold, and she underwent a second procedure on May 18, 2023, which she advised her employer of.

15.    Afterwards, Defendant refused to permit Plaintiff to return to work due to her light duty restrictions.

16.    On July 26, 2023, Plaintiff received a certified letter from Defendant stating that her absence since February 22, 2023 was being treated as leave pursuant to the FMLA.

17.    On September 7, 2023, with Plaintiff still not being permitted to return to work, Plaintiff received another certified letter from Defendant stating that Plaintiff's position was being filled, and that when Plaintiff was off of light duty restriction, Plaintiff would be required to be transferred to work at a different property.

18.    Plaintiff remained on light duty restriction until January 5, 2024, when Plaintiff was permitted to work regular duty with permanent restrictions of no squatting or kneeling.

19.    Plaintiff emailed Defendant's HR director stating that she was permitted to return to regular duty with the permanent restrictions.

20.    Shortly thereafter, on January 11, 2025, Defendant's HR department sent Plaintiff an email, terminating her employment, effective immediately.

21.    It is clear that Defendant retaliated against Plaintiff based on her serious health condition and her utilizing FMLA leave.

22.    Any other "reason" theorized after the fact by Defendant for its termination of Plaintiff 's employment is pure pretext.

23.    Defendant's adverse employment actions recounted herein were taken in interference with, and retaliation for, Plaintiff  disclosing her serious health condition and for taking protected FMLA leave.

24.    Defendant's actions were unlawful and constitute actionable violations of the FMLA.

25.    Plaintiff was unquestionably engaging in statutorily protected conduct (disclosing her serious health condition, requesting leave, and taking leave), and unquestionably suffered an adverse employment action (termination).

26.    The timing of Defendant's interfering and retaliatory actions toward Plaintiff conclusively establishes that crucial aspect of Plaintiff's *prima facie case.* *See Brungart,* 231 F.3d at 799 ("[t]he general rule is that close temporal proximity between the employee's protected conduct and the adverse employment action is sufficient circumstantial evidence to create a genuine issue of material fact of a causal connection").

27.    Defendant did not have a legitimate, non-retaliatory reason, for its actions.

28.    Any reason provided by Defendant for its actions is a pretext, designed to cover up FMLA interference and retaliation.

29.    Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

30.    The timing of Plaintiff's disclosure of her serious health condition and her use of protected FMLA leave and Defendant's termination of her employment, alone demonstrates a causal and temporal connection between her protected activity and the illegal actions taken against her by Defendant.

31.    Defendant purposefully and intentionally interfered with and retaliated against Plaintiff  for her use of protected FMLA leave.

32.    As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

33.    Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

34.    Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I: UNLAWFUL INTERFERENCE UNDER THE FMLA

35.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 24, 26 through 29, and 31 through 34, above.

36.    At all times relevant hereto, Plaintiff was protected by the FMLA.

37.    At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

38.    At all times relevant hereto, Defendant interfered with Plaintiff by discouraging her use of FMLA and/or failing to restore Plaintiff to the same position or an equivalent position after her return from FMLA leave.

39.    As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

40.    As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## <u>COUNT II: UNLAWFUL RETALIATION UNDER THE FMLA</u>

41.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 34, above.

42.    At all times relevant hereto, Plaintiff was protected by the FMLA.

43.    At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

44.    At all times relevant hereto, Defendant retaliated against Plaintiff by terminating her for her use of FMLA-protected leave.

45.    Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff disclosed her serious health condition and her use or attempted use of leave pursuant to the FMLA.

46.    As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

47.    As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

*(Remainder of page left intentionally blank)*

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 9th day of January, 2026.

Respectfully Submitted,

**_/s/ Andres Kroboth___**
Andres Kroboth, Esq.
Florida Bar No. 1016483
RICHARD CELLER LEGAL, P.A.
7951 SW 6th St, Suite 316
Plantation, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-Mail: andres@floridaovertimelawyer.com

*Attorneys for Plaintiff*